Thomas D. Mauriello (SBN 144811)
MAURIELLO LAW FIRM, APC
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
Telephone (949) 542-3555
Facsimile (949) 606-9690
tomm@maurlaw.com

Attorneys for Plaintiff and the Class

(Additional counsel listed on signature page)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGGIE FRANCO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES, INC.,<br><br>Defendant. | Case No.:<br><br>ED CV 13 - 01906<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff, Maggie Franco ("Plaintiff"), brings this action on behalf of herself and all other persons similarly situated, against Abbott Laboratories, Inc. ("Abbott" or "Defendant"), and, in support thereof, avers as follows upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge

## I. NATURE OF ACTION

1. Plaintiff brings this action individually and on behalf of a proposed class (the "Class") as more fully defined below, for the benefit and protection of all persons situated in California who placed calls to Abbott Laboratories that secretly have been, and are, recorded. Plaintiff brings this class action on behalf of herself and all other similarly situated persons to obtain statutory penalties, as well as injunctive and other relief.

## II. PARTIES

2. Plaintiff is a resident of Riverside County, California and a citizen of California.

3. Defendant is a Delaware corporation with its headquarters in Illinois. Abbott is, therefore, a citizen of Delaware and Illinois.

CLASS ACTION COMPLAINT  1

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which the Class members and Defendant are citizens of different states.

5. This Court has personal jurisdiction over Defendant because Defendant is authorized to do business, and currently does business, in this state.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because Plaintiff is a resident of this district, Defendant engages in substantial business throughout this district, and many of the acts complained of herein took place within, or were aimed at citizens in this district.

### IV. FACTUAL ALLEGATIONS

7. In June, 2013, while located in California, Plaintiff called Abbott at (800) 986-8800 from a wireless telephone in California. Plaintiff spoke to a customer service representative of Defendant to inquire about Defendant's Similac infant formula products.

8. Plaintiff was not aware that the call was being recorded. Defendant did not, at any point during the telephone conversation with Defendant's customer service representative, advise Plaintiff that the call was being recorded. Plaintiff did not give either express or implied consent to the recording.

9. After completing her call, Plaintiff learned that Defendant records *all* incoming telephone calls but does not disclose this to callers.

10. Plaintiff expected that her telephone call would be private (*i.e.,* neither recorded nor monitored) due to the sensitive and confidential nature of the conversation.

11. Plaintiff's subjective expectation of privacy was objectively reasonable based upon prevailing societal norms. Indeed, one recent poll showed that 73% of Americans believe that it is "extremely important" that conversations never be recorded or monitored without the consent of all parties. *See* Harris Poll #17, March 19, 2003, at *http://www.harrisinteractive.com/*

CLASS ACTION COMPLAINT

2

*vault/Harris-Interactive-Poll-Research-Most-People-Are-Privacy-Pragmatists-Who-While-Conc-2003-03.pdf*; *see also* Katz, Privacy and Information Technology, Public Opinion Quarterly 54, no. 1 (1990), at 125-143 (concluding that privacy of telephone calls is very important to most Americans and that the idea of secretly recording or monitoring of telephone calls is upsetting to a majority of people).

## V. CLASS ACTION ALLEGATIONS

12. Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> "All persons who placed calls to Defendant from California whose telephone conversations with Defendant were intentionally recorded without disclosure by Defendant at any time during the statute of limitations period through the date of final judgment in this action." (the "Class").

13. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

14. The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

15. There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff Class, and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

      (a)      Whether Defendant intentionally recorded telephone calls;

      (b)      Whether Defendant continues to record calls;

      (c)      Whether Defendant disclosed/discloses its intentional recording of telephone communications; and

      (d)      Whether Defendant's conduct constitutes a violation of California Penal Code section 632.7.

16. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been subjected to Defendant's common course of unlawful conduct as complained of herein and are entitled to the same statutory damages based on Defendant's wrongful conduct as alleged herein.

17. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

18. A class action is superior to all other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Class is impracticable. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

## FIRST CAUSE OF ACTION

### Penal Code § 632.7

19. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

CLASS ACTION COMPLAINT

20. As part of the California Invasion of Privacy Act, the Legislature enacted section 630 *et seq.* of the California Penal Code in 1967 to address the growing concern that "advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Penal Code § 630.

21. Section 632 prohibits the non-consensual recording, monitoring, and/or eavesdropping upon confidential telephone communications by means of any electronic amplifying or recording device, including a wiretap. "Intentional" within the context of section 632 merely requires that a defendant intend that the confidential communication be recorded, monitored, and/or eavesdropped upon. *See People v. Superior Court of Los Angeles County*, 70 Cal. 2d 123, 133 (1969).

22. Section 632.7 prohibits the intentional, non-consensual recording of any telephone communication without the consent of all parties where at least one party to the conversation is either using a cordless or cellular telephone. No expectation of confidentiality or privacy is required, nor is any other wrongful or surreptitious intent required – only that the defendant intended to record the communication.

23. Plaintiff is informed and believes, and thereon alleges that Defendant knowingly violated Cal. Pen Code § 632.7 by intentionally recording calls with persons using cordless or cellular telephones, including Plaintiff and the members of the Class.

24. Based on the foregoing violations, Plaintiff and the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code. Plaintiff does not allege common law violation of privacy nor does Plaintiff seek actual damages other than statutory damages.

25. Plaintiff and the Class additionally seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. For an Order appointing Plaintiff as the representative plaintiff of the Class and her counsel as Class counsel;

2. For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in this illegal practice;

3. For certification of the putative class;

4. For statutory damages;

5. For attorneys' fees and expenses pursuant to all applicable laws including, *inter alia*, Code of Civil Procedure §1021.5 and the common law private attorney general doctrine;

6. For costs of suit; and

7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: October 18, 2013                MAURIELLO LAW FIRM, APC

By: s/ *Thomas D. Mauriello*
Thomas D. Mauriello (SBN 144811)
1181 Puerta Del Sol, Suite 120
San Clemente, CA  92673
Telephone (949) 542-3555
Facsimile (949) 606-9690
tomm@maurlaw.com

JAMES C. SHAH (SBN 260435)
SHEPHERD, FINKELMAN, MILLER
  & SHAH, LLP
35 E. State Street
Media, PA  19063
Tel: 610/891-9880
Fax: 610-891-9883
jshah@sfmslaw.com

CLASS ACTION COMPLAINT

6

1  ROSE F. LUZON (SBN 221544)
2  SHEPHERD, FINKELMAN, MILLER
   & SHAH, LLP
3  401 West A Street, Suite 2350
   San Diego, CA  92101
4  Tel:  619/235-2416
   Fax: 619/234-7334
5  rluzon@sfmslaw.com

6  **Counsel for Plaintiff and the Class**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Jesus G. Bernal_____ and the assigned Magistrate Judge is _____Sheri Pym_____.

The case number on all documents filed with the Court should read as follows:

**EDCV13-01906 JGB (SPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 18, 2013
Date

By  L. Murray
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☒ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)   NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
MAGGIE FRANCO, Individually and On Behalf of All Others Similarly Situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ABBOTT LABORATORIES, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Thomas D. Mauriello (SBN 144811)
MAURIELLO LAW FIRM, APC
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673   Phone: 949-542-3555   Fax: 949-606-9690

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No   (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes   ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ to be proved at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332 - matter in controversy exceeds $5,000,000 and is a class action in which the Class members and Defendants are citizens of different states

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL PROPERTY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **ED CV 13 - 01906 JGB SPx**

CV-71 (09/13)        CIVIL COVER SHEET        OCT 18 2013   Page 1 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?  Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?  Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Eastern |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** s/Thomas D. Mauriello            DATE: October 18, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |